IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KIMBERLY COUCH, )
)
Plaintiff, )
)
v. ) Case No. 2:16cv691-WKW-WC
)
JUDGE JOHNNY HARDWICK, )
)
Defendant. )

**ORDER &**
**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Plaintiff's Complaint (Doc. 1) and her Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2). On August 29, 2016, the District Judge entered an Order referring this matter to the undersigned Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." Order (Doc. 5). Subsequently, the undersigned ordered Plaintiff to amend her motion for leave to proceed *in forma pauperis* by completing and filing the court's long-form application. Order (Doc. 6). Plaintiff amended her motion, as required, and filed the long-form application. Pl.'s Mot. (Doc. 7).

Upon review of Plaintiff's long-form affidavit, the undersigned concludes that Plaintiff's motion to proceed *in forma pauperis* should be granted. Plaintiff's long-form affidavit claims, under penalty of perjury, that she has no income except for $357 she receives in food stamps per month. Doc. 7. Plaintiff states that she expects to receive disability income within the next twelve months, although she is currently not receiving

such income. *Id*. at 5. While the undersigned remains perplexed at the Plaintiff's ability to support herself, her minor child, her daughter, her incarcerated son, and minor child's incarcerated father with absolutely no financial resources whatsoever, the undersigned will nonetheless grant Plaintiff's request to proceed *in forma pauperis*.[1] Accordingly, it is

ORDERED that Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) and her amended motion thereto (Doc. 7) is GRANTED.

Because Plaintiff's motion to proceed *in forma pauperis* has been granted, service of process is stayed pending the court's obligatory review of Plaintiff's complaint pursuant to the provisions of 28 U.S.C. § 1915(e). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii).

Here, *pro se* Plaintiff filed a complaint against Judge Johnny Hardwick, an Alabama Circuit Court Judge for the Fifteenth Judicial Circuit. Plaintiff's complaint alleges that

[1] Specifically, the undersigned is concerned that Plaintiff reports no expenses for housing, utilities, clothing, transportation, medical bills, insurance, or any other form of expense. Doc. 7 at 4. She also reports no income, no public assistance, no unemployment, no disability, and no other income, which would include assistance from family or friends. *Id*. at 1-2. Furthermore, it is troublesome that, according to her affidavit, Plaintiff has been unemployed since May 2015, and that when she was employed she had a gross monthly pay of $300-500. *Id*. at 2. Such a scenario—when considering Plaintiff's claims that she supports herself, her minor child, her adult child, at least one of her incarcerated adult children, and the incarcerated father of her minor daughter—seems implausible to the undersigned. Nonetheless, Plaintiff has made her statement under penalty of perjury, so the undersigned will allow Plaintiff to proceed *in forma pauperis* despite some concerns.

"Judge Hardwick presided over MPD's [Montgomery Police Department's] false charge of assessory [sic] to robbery against my son, Kentaris Couch[,] and made the executive decision to send him to prison for 3 years." Compl. (Doc. 1) at 1. Plaintiff alleges that her son took no part in the robbery, but was simply punished "because he would not snitch." *Id*. Plaintiff further alleges that Judge Hardwick "stated since [Plaintiff's son] would not tell on his friends[,] he was sending him to prison to make an example of him." *Id*. Despite knowing her son's innocence, Plaintiff asserts that Judge Hardwick "disregarded the laws, rules of the court, and canons, therefore he is in severe violations of the above listed guidelines he suppose [sic] to uphold." *Id*. As a result of his actions, Plaintiff alleges that Judge Hardwick "should be held liable for false imprisonment, malfeasance in office, abuse of power, discrimination, neglect of duty, canons violation, civil rights and constitutional violations, [and] miscarriage of justice." *Id*. She seeks relief in the form of $5,000,000.00 "for pain and suffering, emotional distress, mental anguish, rights restored, (Judge Hardwick to be reprimanded, seek counseling, and issue an apology letter to [her son] and [herself] for the 3 years he unlawfully took from my son['s] life) [and] punitive damages." *Id*. at 2.

The court has carefully reviewed the allegations in Plaintiff's complaint. From that review, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff has failed to state any claim for which relief could be granted.

A review of the sufficiency of Plaintiff's complaint for purposes of § 1915(e)(2)(B)(ii) begins with analysis of whether the complaint complies with the pleading

standard applicable to all civil complaints in federal courts. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citations omitted) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible' on its face."). Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). Thus, in order to satisfy Rule 8(a), Plaintiff's complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'" *Urquilla-Diaz v. Kaplan Univ*., 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful. Factual allegations that are '""merely consistent with" a defendant's liability,' however, are not facially plausible." *Id*. (quoting *Iqbal*, 556 U.S. at 678).

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Accordingly, Plaintiff's complaint, even if liberally construed, must minimally satisfy the dictates of Rule 8(a) of the Federal Rules of Civil Procedure in order to survive review under § 1915(e).

Here, Plaintiff's complaint concerns a state-court criminal case involving her son in which Defendant was the presiding judge. Doc. 1 at 1. Although her son is not a minor,[2] Plaintiff purports to bring claims for constitutional violations on his behalf before the court. *Id*. Plaintiff lacks standing to do so. Moreover, even if Plaintiff were able to overcome the jurisdictional hurdle of standing, Judge Hardwick would be entitled to judicial immunity for his actions. Therefore, as discussed more fully below, the undersigned concludes that Plaintiff's complaint fails to withstand § 1915(e) review, and should be dismissed prior to service of process.

---

[2] Plaintiff's complaint does not provide the court with her son's age. However, in filing her *in forma pauperis* long-form affidavit, Plaintiff does not list her son, Kentaris Couch, as a dependent. Furthermore, nothing in Plaintiff's complaint or in her subsequent filings with the court involving this case indicates that Kentaris Couch is a minor.

***1. Plaintiff lacks standing to pursue claims on behalf of her adult son.***

"In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief premised on the legal rights or interest of others." *Parris v. Corr. Med. Serv.*, Civil Action No. 2:10cv225-WHA, 2011 WL 1045223, at * 4 (M.D. Ala. 2011) (citing *Powers v. Ohio*, 499 U.S. 400, 410 (1991)). A plaintiff "has standing to seek redress for injuries done to him, but may not seek redress for injuries done to others." *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 166 (1972). While Federal Rule of Civil Procedure 17 authorizes a conservator or guardian to sue on behalf of a minor child, the rule does not provide the same authority and privilege for a parent suing on behalf of an adult child. *See* Fed. R. Civ. P. 17(c).

The constitutional claims raised by Plaintiff concern actions taken by Judge Hardwick *against her adult son*. As such, Plaintiff is not the real party in interest in this case, and has no justiciable interest in the claims she alleges. *See Paris*, 2011 WL 1045223, at * 4 (holding that the parents of an adult son, who was incarcerated, were not the real parties in interest in the case). Further, Plaintiff has not alleged any facts that would indicate her son is under any legal incapacity which would prevent him from suing on his own behalf. *See Cushman v. City of Denton*, No. 4:11cv746, 2012 WL 631852, at *3-4 (E.D. Texas Jan. 30, 2012) (holding that a father had no legal right or privilege to assert claims on behalf of his adult son who was not under any legal incapacity). Because Plaintiff's complaint seeks to redress injuries done to her incarcerated adult son, only her adult son may pursue litigation regarding violation of his constitutional rights. *Waters v. Schemen*, Case No. 3:16-mc-25-J-34MCR, 2016 WL 3023859, at *1 (M.D. Fla. April 28,

2016) (noting that only the plaintiff's son—not the plaintiff—has standing to bring a civil rights claim regarding his arrest, prosecution, and the conditions of his confinement). Accordingly, Plaintiff lacks the requisite standing for this court to adjudicate her claims, and such claims should be dismissed for the court's lack of subject matter jurisdiction.

***2. Judge Hardwick is entitled to judicial immunity for his actions involving the state-court proceeding at issue.***

Even if Plaintiff could somehow overcome her jurisdictional hurdle of standing, her claims against Judge Hardwick would be barred by judicial immunity. Judges enjoy absolute immunity for acts performed in the course of their judicial capacities unless they clearly act without jurisdiction. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). This immunity applies even when a judge is accused of acting maliciously and corruptly. *Id*. (noting that "it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences" that judicial immunity exists) (internal quotations omitted). The United States Supreme Court established a two-part test for determining whether a judge enjoys absolute immunity in *Stump v. Sparkman*, 435 U.S. 349 (1978). First, a court must determine whether the judge dealt with an individual in his judicial capacity. *Stump*, 435 U.S. at 362. If so, then second, a court must examine whether the acts of which an individual complains were committed by the judge in the clear absence of all jurisdiction. *Id*. The Eleventh Circuit has identified four factors for courts to consider when making the second determination. They include whether:

(1) the act complained of constituted a normal judicial function;

(2) the events occurred in the judge's chambers on in open court;

(3) the controversy involved a case pending before the judge; and

(4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

*Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).[3] The four factors should be broadly construed in favor of immunity, and in some situations, immunity should be granted even though one or more of the factors are not met. *William B. Cashion Nevada Spendthrift Trust v. Vance*, 552 F. App'x 884, 886 (11th Cir. 2014) (citing *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993)).

With the principles of judicial immunity in mind, the undersigned applies the two-part *Stump* test to Plaintiff's complaint. First, all of Plaintiff's claims stem from actions taken (or not taken) by Judge Hardwick during a state-court criminal proceeding (involving her son) over which he presided. Thus, Judge Hardwick clearly dealt with Plaintiff and her son in his judicial capacity, which satisfies the first prong of the test. As the first prong is satisfied, the undersigned turns to whether the acts of which Plaintiff complains were committed by Judge Hardwick in the absence of all jurisdiction. Considering the four factors listed above, the undersigned concludes that they were not. The first factor is satisfied, as Judge Hardwick's actions or inactions while presiding over a criminal case constitutes a normal judicial function for a state court judge. The second factor is satisfied,

[3] The Court of Appeals first articulated the four factors, prior to the creation of the Eleventh Circuit, in *McAlester v. Brown*, 469 F.2d 1280, 1282 (5th Cir. 1972).

as the actions taken by Judge Hardwick occurred in open court.[4] The third factor is also satisfied, as the controversy at hand involved a pending criminal case before Judge Hardwick. Finally, the fourth factor is satisfied, as Plaintiff's complaints against Judge Hardwick arise out of a visit with him as he presided over her son's criminal trial. Accordingly, the undersigned concludes that Judge Hardwick did not act in the clear absence of all jurisdiction. Therefore, he is afforded judicial immunity even if his actions were unconstitutional, as Plaintiff alleges. *See* Doc. 1 at 1.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because Plaintiff has failed to state any claim on which relief may be granted.[5]

---

[4] There is no allegation in Plaintiff's complaint that would lead the undersigned to believe that Judge Hardwick dealt with Plaintiff or her adult son in any setting other than open court. Instead, Plaintiff's complaint indicates that all of the actions of which Plaintiff complains occurred while Judge Hardwick presided over her son's criminal case—*i.e.*, Judge Hardwick "made the executive decision to send [Plaintiff's son] to prison for 3 years even after the victim stated under oath that Kentaris had taken no part in the robbery." Doc. 1 at 1. Plaintiff further alleges that, prior to sending her son to prison, Judge Hardwick stated that he would "make an example" out of her son for not telling on his friends. *Id*.

[5] The undersigned is recommending dismissal of Plaintiff's complaint without first asking Plaintiff to amend her complaint. The undersigned believes requesting such amendment would be futile because Plaintiff's complaint asserts claims for which she lacks standing and that are subject to judicial immunity. The undersigned believes that such claims are incapable of being crafted into viable claims for those reasons. Accordingly, leave to amend Plaintiff's complaint need not be afforded in this instance. *See, e.g.*, *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.").

Furthermore, the opportunity to amend ordinarily contemplated by governing case law, *see Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), is not inconsistent with the undersigned's recommendation of dismissal. Plaintiff will be permitted to file objections to the findings set forth in this Recommendation, and thus she is afforded the requisite opportunity to be heard about the deficiencies of her complaint prior to any dismissal of the complaint.

It is further ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **December 2, 2016**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 18th day of November, 2016.

/s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE